**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3468-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

THOMAS J. CAMPBELL, JR.,

     Defendant-Appellant.

_____

Submitted November 18, 2019 – Decided January 28, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 00-10-0649.

Thomas J. Campbell, Jr., appellant pro se.

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Thomas J. Campbell, appeals from the denial of his motion to correct an illegal sentence. The Law Division judge ruled that defendant's challenge of his sentence is procedurally barred under Rule 3:22-5 because the validity of the sentence has previously been adjudicated on the merits. We affirm the denial of defendant's motion.

We are intimately familiar with defendant's case. In 2000, he was indicted for capital murder, attempted murder of another victim, and several other weapons-related charges. He was tried before a jury in 2003 and convicted of murder, attempted murder, aggravated assault, and weapons offenses. On the murder conviction, the sentencing court-imposed life imprisonment with a thirty-year period of parole ineligibility. The court also sentenced defendant to a consecutive twenty-year prison term with a seventeen-year period of parole ineligibility on his attempted-murder conviction. On direct appeal, we affirmed the convictions and the imposition of consecutive sentences. We remanded the case with respect to the length of the attempted-murder sentence, however, because the trial court had sentenced defendant in excess of the "presumptive" term eliminated in State v. Natale, 184 N.J. 458 (2005), following Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (proscribing judicial factfinding that "increases the penalty for a crime beyond the proscribed statutory maximum,"

A-3468-17T2

other than the fact of a prior conviction).[1]  On remand, the trial court imposed the same sentence as it had originally imposed, this time without relying on the presumptive term.  We affirmed the sentence.  The Supreme Court denied certification.  State v. Campbell, 196 N.J. 466 (2008).

Defendant next challenged the sentence by filing a petition for post-conviction relief (PCR).  That petition was eventually denied by the trial court, and we affirmed the denial.  State v. Campbell, No. A-1316-12 (App. Div. Oct. 21, 2014) (slip op. at 14).  Defendant then pursued his challenge in the federal courts by filing a pro se petition for a writ of habeas corpus.  That petition was denied.

We need not repeat the circumstances surrounding the violent crimes defendant committed.  Those circumstances are thoroughly set forth in our first opinion.  State v. Campbell, No. A-6480-02 (App. Div. Dec. 20, 2005) (slip op. at 4–13).  Nor is there need for us to repeat the rationale of our prior holdings affirming defendant's sentence.  It is sufficient for present purposes to note that defendant's latest challenge merely rehashes and relabels arguments that we have already considered and rejected.

---

[1]  For Apprendi purposes, Natale deemed the presumptive term as the "statutory maximum."  Id. at 484.

A-3468-17T2

As we have previously held, defendant's sentence was neither illegal nor excessive. The trial court correctly based its denial of defendant's renewed attack on his sentence on <u>Rule</u> 3:22-5. However, even putting aside the question of a procedural bar, defendant's latest arguments do not change our prior conclusions concerning his sentence and lack sufficient merit to warrant further discussion in this opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3468-17T2